PROB 12C  
(06/17)

January 28, 2026  
pacts id: 6606441

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alex Leon (English)      **Dkt. No.:** 20CR01732-001-JLS

**Reg. No.:** 97015-298

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Revocation Sentence:** May 16, 2025

**Sentence:** Time served as of 6/2/25 (48 days' custody); 2 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** June 2, 2025

**Asst. U.S. Atty.:** Blair C. Perez     **Defense Counsel:** Robert Carriedo  
                                                        (Appointed)  
                                                        (619) 232-0900

**Prior Violation History:** Yes. See prior court correspondence.

**Absconded From Supervision**: No.

---

## PETITIONING THE COURT
## TO ISSUE A BENCH WARRANT

PROB12(C)

| | |
|---|---:|
| Name of Offender: Alex Leon | January 28, 2026 |
| Docket No.: 20CR01732-001-JLS | Page 2 |

The probation officer believes that the offender has violated the following conditions of supervision:

| **CONDITIONS** | **ALLEGATIONS OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On or about December 12, 2025, Mr. Leon used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on January 9, 2026.<br><br>2. On or about December 18, 2025, Mr. Leon used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on January 9, 2026.<br><br>3. On or about December 23, 2025, Mr. Leon used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on January 9, 2026. |

***Grounds for Revocation:*** As to Allegation 1, on December 12, 2025, Mr. Leon reported to the U.S. Probation Office, and submitted a urine specimen, which screened positive for amphetamines. When informed of the positive screen on January 9, 2026, Mr. Leon admitted to the probation officer to using methamphetamine on December 12, 2025.

As to Allegation 2, on December 18, 2025, Mr. Leon reported to the U.S. Probation Office, and submitted a urine specimen, which screened positive for amphetamines. When informed of the positive screen on January 9, 2026, Mr. Leon admitted to the probation officer to using methamphetamine on December 18, 2025.

As to Allegation 3, on December 23, 2025, Mr. Leon reported to the U.S. Probation Office, and submitted a urine specimen, which screened positive for amphetamines. When informed of the positive screen on January 9, 2026, Mr. Leon admitted to the probation officer to using methamphetamine on December 23, 2025.

| | |
|---|---|
| **(Mandatory Condition)** Not commit another federal, state, or local crime. | 4. On or about January 14, 2026, Mr. Leon vandalized a window, in violation of Penal Code § 594(a), as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. ECM017974. |

***Grounds for Revocation:*** As to allegation 4, I have received and reviewed the complaint filed in Superior Court of California, County of Imperial, Case No. ECM017974, and the El Centro Police Department Incident Report No. 26-001064, which confirm the following: On January 14, 2026, El Centro Police Officers were dispatched to Mr. Leon's residence in reference to a vandalism incident involving a family member. Upon arrival, officers met with Mr. Leon's mother, Jessica Leon, who reported Mr. Leon was exhibiting signs consistent with being under the influence of methamphetamine. Mrs. Leon indicated she was familiar with her son's prior methamphetamine use and recognized his behavior. She said she asked Mr. Leon to leave the residence. Mrs. Leon indicated he became upset, threw a blue chair onto the ground, and began walking out of the residence. Mrs. Leon then

PROB12(C)

| | |
|---|---|
| Name of Offender: Alex Leon | January 28, 2026 |
| Docket No.: 20CR01732-001-JLS | Page 3 |

observed Mr. Leon gather rocks from the front yard and walkway, near the roadway. He then began throwing rocks at the door and at the front window, breaking it. Mrs. Leon pointed out several rocks located inside the residence near the broken window. Mrs. Leon indicated she wished to press charges against her son. Mr. Leon's father advised officers that they observed him run across the street from the residence, heading northbound.

At approximately, 2243 hours, officers responded to a residence on West Heil Avenue, after a family member advised Mr. Leon might be at said location. Upon arrival, officers contacted Mr. Leon's uncle, Arturo Piceno. He stated Mr. Leon was inside the residence pacing back and forth and yelling. Mr. Piceno indicated Mr. Leon's grandmother and step grandfather were inside the residence. Additionally, he confirmed there were no firearms in the residence; however, the kitchen knives were accessible. Contact was made with Mr. Leon's grandmother, Lily Romero, who confirmed Mr. Leon was inside the residence pacing, talking to himself, and acting erratically. Mrs. Romero advised officers she wanted Mr. Leon to be taken into custody because she believed he was going to cause harm to himself or someone else. Officers subsequently approached the residence and asked Mr. Leon to exit the residence. Mr. Leon exited the residence and complied with commands. He was placed in handcuffs without incident and advised he was under arrest.

Mr. Leon advised officers his mother became upset with him because she believed he was "going crazy" and assumed it was due to drug use. He indicated he was walking around the house minding his own business when she wanted to kick him out. Mr. Leon admitted to throwing rocks and breaking the window because he was upset at getting kicked out.

Mr. Leon was subsequently arrested for a violation of California Health and Penal Code § 594(B)(1), Vandalism ($400 or more), a misdemeanor offense. He was booked into Imperial County Jail and released later that day. Mr. Leon is scheduled to appear on February 4, 2026, at 9:00 AM at the Imperial County Superior Court, El Centro Court House, for a Pretrial and Jury Trial setting before Judge Lehman.

PROB12(C)
Name of Offender: Alex Leon January 28, 2026
Docket No.: 20CR01732-001-JLS Page 4

## VIOLATION SENTENCING SUMMARY

**SUPERVISION ADJUSTMENT**

Following his release from custody, Mr. Leon reported to the probation office, and the probation officer reviewed his Judgment and Commitment order with him. He was subsequently enrolled in formal drug testing and referred to Imperial County Behavioral Services.

Mr. Leon was temporarily residing at the Residential Reentry Center (RRC), while awaiting placement at a residential drug treatment program. He subsequently transitioned to Foundations in Recovery, a residential drug treatment program in El Centro. However, as a result of Mr. Leon's mental health needs, he was referred to Jackson House, a mental health crisis program. Mr. Leon subsequently achieved sustained stability while at Jackson House and was deemed suitable to return to his residence in November 2025.

Unfortunately, shortly after returning home, Mr. Leon started demonstrating issues with testing and began testing positive for methamphetamine. He ultimately relapsed into illicit drug use as alleged herein. Despite the undersigned's attempts to get Mr. Leon back into compliance, Mr. Leon's noncompliance continued to escalate as demonstrated by his law enforcement contact, as alleged herein.

Based on his current relapse, coupled with his continued noncompliance, his overall supervision adjustment can best be described as poor.

**OFFENDER PERSONAL HISTORY/CHARACTERISTICS**

Mr. Leon is a 33-year-old Hispanic male, who was last residing in El Centro, California. Mr. Leon has an extensive criminal history ranging from assault with a deadly weapon: not a firearm; battery on peace officer/emergency personnel; battery; burglary; assault with deadly weapon with force; attempted murder; assault with deadly weapon, not a firearm; vandalism; terrorizing; and stabbing. His first contact with law enforcement was at the age of 15. Records reflect his supervised release was previously revoked in this matter following allegations that he used methamphetamine, failed to submit to drug testing, and possessed drug paraphernalia and heroin.

According to Mr. Leon, his drug addiction has been ongoing since he was 14 years of age. He was reportedly using marijuana weekly leading up to the underlying offense. At the age of 15, Mr. Leon started using methamphetamine twice weekly and used the drug while on pretrial services for the instant offense. Mr. Leon started using cocaine at the age of 15 and was using weekly; he said he last used while on pretrial services for the instant offense. While on pretrial services, Mr. Leon participated in Jackson House, a dual diagnosis cris program; however, he ultimately self-discharged. Mr. Leon subsequently entered Foundations in Recovery, a residential treatment program. He remained in the program leading up to sentencing for the underlying offense. During his brief term of supervised release, Mr. Leon remained unemployed.

Mr. Leon was receiving services with Imperial County Behavioral Health Services, for Stimulant Use Disorder, Bipolar Disorder, and schizoaffective disorder. He was actively taking prescribed medication for his mental health condition.

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (drug use and new law violation) constitute Grade C violations. USSG §7C1.1(a)(3)(A) and (B), p.s.

Upon a finding of a Grade C violation, it may be appropriate for the court to revoke supervised release. The Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade C violation with a Criminal History Category IV (determined at the time of sentencing) establishes an **imprisonment range of 6 to 12 months.** USSG § 7C1.5, p.s.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

Finally, any term of imprisonment imposed upon revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving. USSG §7C1.4(b), p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

### JUSTIFICATION FOR BENCH WARRANT

As a result of Mr. Leon's recent law enforcement contacts, coupled with his continued substance abuse, his unresponsiveness to treatment, and his mental health instability, the issuance of a bench warrant appears appropriate at this time. Given his lengthy and violent criminal record, he poses a risk to not only himself, but to the community as well.

### RECOMMENDATION/JUSTIFICATION

It is evident Mr. Leon is not taking advantage of the opportunities afford to him by this Court. Moreover, despite the undersigned's attempts to work with Mr. Leon and provide him the resources to address his mental health and

drug addiction, he failed to take advantage of the opportunities afforded to him. Within weeks of his discharge from residential drug treatment, he began using methamphetamine and then committed a new law violation. It is apparent that Mr. Leon continues to make poor choices.

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the noncompliance, and Mr. Leon's individual risks and needs, which include his poor performance on supervised release, his prior criminal history involving illicit drugs and propensity for violence, coupled with his mental health instability while abusing illicit drugs. After a careful and individualized assessment of the case, the undersigned respectfully recommends a 6-month term of imprisonment, followed by a 2-year term of supervised release. The undersigned also recommends the imposition of all standard conditions, as they will allow the probation officer to effectively monitor the supervisee in the community and keep abreast of his activities. The recommended conditions will also facilitate the supervisee's transition into the community, support his rehabilitation, and promote public safety.

Further, the undersigned recommends the Court impose all previously imposed special conditions, including participation in drug treatment (inpatient and outpatient) and mental health treatment. These conditions are needed to address his continued substance abuse, provide him with additional tools and resources to promote sobriety, and ensure the safety of the community, which will be imperative to work toward Mr. Leon's future success and to mitigate risk to the community.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: January 28, 2026**

| Respectfully submitted:<br>JENNIFER K. WALKER<br>CHIEF PROBATION OFFICER | Reviewed and approved: |
|---|---|
| by *[signature: Amanda Behl]*<br>Amanda Behl<br>U.S. Probation Officer<br>(760) 339-4203 | *[signature: Lorena Gonzalez]*<br>Lorena Gonzalez<br>Supervisory U.S. Probation Officer |

PROB12CW                                                                                                    January 28, 2026

# VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Leon, Alex

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  20CR01732-001-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1)**:**

| Violation(s) | Grade |
|---|---|
| Drug use | C |
| New law violation | C |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b))                     [     C     ]
5. **Criminal History Category** (*See* USSG § 7C1.5)                               [     IV    ]
6. **Range of Imprisonment** (*See* USSG § 7C1.5)                       [     6     to    12 months                                                                                                                ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

|  |  |  |  |
|---|---|---|---|
| Restitution ($) |  | Community Confinement |  |
| Fine ($) |  | Home Detention |  |
| Other |  | Intermittent Confinement |  |

PROB12(C)

| | |
|---|---|
| Name of Offender: Alex Leon | January 28, 2026 |
| Docket No.: 20CR01732-001-JLS | Page 8 |

**THE COURT ORDERS:**

__X__  AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_/s/ Janis L. Sammartino_  
The Honorable Janis L. Sammartino  
U.S. District Judge

01/28/2026  
Date

AH for AD